

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

April 23, 2015

**BY ECF AND EMAIL**

Hon. Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re:    *United States v. Haranakk Dingle*, 13 Cr. 242 (SAS)

Dear Judge Scheindlin:

      The defendant is scheduled to be sentenced in this matter on April 27, 2015, at 4:30 p.m. For the reasons explained below, the Government respectfully submits that a sentence within the stipulated Guidelines range of 60 to 63 months' imprisonment should be imposed at sentencing.

## Background

      The defendant was one of approximately 30 targets of a joint investigation by the New York City Police Department and the Federal Bureau of Investigation into heroin and crack cocaine trafficking and violence by the Briggs Avenue Organization, a criminal organization that operated in the area of 194th Street and Briggs Avenue in the Bronx, New York. At this time, almost all of the targets of that investigation have pled guilty pursuant to plea agreements with the Government.

      The Government generally views each of the defendants in this case as fitting into one of three categories: (1) leader; (2) those with a more intermediate role, such as manager, high-level street seller, or someone responsible for storing large amounts of narcotics; or (3) low-level street seller. The Government made plea offers based on these classifications. The Government did not use role adjustments to distinguish defendants from each other, but rather used the various statutory penalty provisions based on drug weight set out in 21 U.S.C. § 841(b)(1) as a proxy for role in the Organization: leaders were given offers with the drug weight set out in Section 841(b)(1)(A); those who played a more intermediate role were given offers with the drug weight set out in Section 841(b)(1)(B); and low-level street sellers were given offers with a lower drug weight. Within these broad categories, the Government also considered a

defendant's criminal history, or lack thereof, and other mitigating or aggravating factors in deciding on an appropriate plea offer.

A table listing the sentences imposed on defendants to date is included below:

| Defendant | Sentence (months) | Guidelines Range (months) | Criminal History | Role |
|---|---|---|---|---|
| Mark Allie | 180 | 262 to 327 | VI | Leader |
| Edward Medrano | 75 | 151-188 (Career Offender) | VI | Street seller |
| Jonathan Mirabal | 65 | 70-87 (man. min.) | V | Street seller/stored drugs |
| Andre Cunningham | 63 | 70-87 (man. min.) | IV | Manager/stored drugs/street seller/possessed gun |
| Damon Grooms | 60 | 60-71 (man. min.) | III | Manager/stored drugs/street seller/possessed gun |
| Jose Aviles | 60 | 151-188 (Career Offender) | VI | Street seller/manager/stored drugs |
| Michael McDuffie | 42 | 57-71 | IV | Street seller |
| Jason Lewis | 36 | 63-78 | VI | Street seller |
| Robert Torres | 32 | 57-71 | IV | Street seller |
| Christian Fabre | 30 | 41-51 | II | Manager/stored drugs |
| Noel Feliciano | 30 | 41-51 | II | Street seller/manager |
| Robert Henderson | 27 | 46-57 | III | Higher-level street seller/manager |
| Darnell Hopkins | 27 | 46-57 | III | Street seller |
| Luis Guzman | 24 | 37-46 | I | Higher-level street seller |
| Zoa Briggs | 24 | 37-46 | III | Street seller |
| Jelfrey Gutierrez | 24 | 30-37 | I | Manager/street seller |
| Max Jordan | 21 | 37-46 | I | Street seller |
| Luz Figueroa | 15 | 37-46 | I | Delivered drugs and guns |
| Katherine Soriano | 12 | 24-30 | I | Delivered drugs and guns |

## The Court Should Impose a Sentence of 60 to 63 Months' Imprisonment

Pursuant to the defendant's plea agreement, the defendant's Guidelines offense level is 23 and his criminal History Category is II, resulting in a stipulated Guidelines rage of 60 to 63 months' imprisonment. The Government agrees that the PSR correctly determined that the defendant is a Career Offender, and thus that the correct Guidelines range is 188 to 235 months imprisonment.

The defendant, Haranakk Dingle, served as both a street seller and manager of the Briggs Avenue Organization. In the structure of the Organization, the Government places him in the middle tier of defendants. As a result, the defendant was required to plead to a drug conspiracy count with a five-year mandatory minimum sentence.

The defendant has a significant criminal history, including four felony drug convictions over the past 20 years (including convictions in 1995 and 2011), a federal fraud conviction in 2005, and resisting arrest convictions in 2002 and 2012 (one of which involved unlawfully entering a residence in an attempt to escape, and the other of which involved the defendant flailing his limbs to avoid being handcuffed), among other offenses. PSR ¶¶ 12-17. Despite those serious convictions, and the terms of incarceration that followed, the defendant was not deterred from future criminal conduct. The defendant is not a young man who simply made one or two poor decisions. He is 39 years old, and has made repeated deliberate decisions over his entire adult life to engage in criminal conduct. Indeed, while incarcerated for this offense, the defendant had three prison rule violations, including conducting a gambling pool and lying to prison authorities. There is a strong need for specific deterrence in this case.

Due to the defendant's role in the offense, his extensive criminal history, and the defendant's plea agreement, the Government respectfully submits that a sentence of 60 to 63 months' imprisonment would be sufficient, but not greater than necessary, to satisfy: (1) the need to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense; and (2) the need to afford adequate deterrence to criminal conduct.

The Court should not, as the defendant urges, adjust the defendant's sentence to account for discharged state sentences for drug sales on two separate occasions in 2011, which the Government agrees is relevant conduct. First, the defendant's drug dealing activities continued *after* that relevant conduct. *See* PSR ¶ 62. Second, the defendant's other conduct—including serving as a regular street seller and manager who worked on many days apart from those on which he was arrested by state authorities—alone warrants a sentence of 60 to 63 months' imprisonment. To the extent the Court does elect to depart or vary downward, Second Circuit

law bars a sentence below the mandatory minimum term of incarceration of 60 months based on any discharged term of imprisonment. *See United States* v. *Lucas*, 745 F.3d 626, 630 n.5 (2d Cir. 2014).

          Respectfully submitted,

          PREET BHARARA
          United States Attorney

By:     */s/ Jared Lenow*
          Jared Lenow
          Assistant United States Attorney
          (212) 637-1068

cc: Winston Lee, Esq. (by email)