

U.S. Department of Justice

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York 10007*

May 26, 2015

**BY ECF AND EMAIL**

Hon. Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

    Re:    *United States v. Haranakk Dingle*, 13 Cr. 242 (SAS)

Dear Judge Scheindlin:

    The Government writes in response to the May 21, 2015 supplemental sentencing submission filed by the defendant, Haranakk Dingle, which addresses two issues first raised at the defendant's initial sentencing proceeding.

### Dingle's State Sentence Is Discharged

    First, Dingle asserts that his two-year state prison sentence resulting from two June 17, 2013 convictions for relevant conduct that occurred in 2011 is "undischarged" under U.S.S.G. §5G1.3(b). The Government has consulted with the Office of Sentencing Review at the New York State Department of Corrections, and learned that Dingle's term of incarceration for those offenses was complete on January 15, 2015, while Dingle was in a federal detention facility pursuant to a federal writ (but was nonetheless considered to be in state custody), and that determination is final. Dingle's one-and-a-half year state term of post-release supervision began on that date, and will expire on July 15, 2016.

    According to the Office of Sentencing Review, a state detainer for Dingle with the Federal Bureau of Prisons remains active because Dingle is currently serving his state term of post-release supervision, and he would need to be brought into state custody to go through the post-incarceration supervision release process if he were to be released from federal custody before July 15, 2016. During that process (which could last up to several days), Dingle would be required to provide information such as his intended residence, and the conditions of release would be established. If the defendant remains in federal custody past July 15, 2016 (which he must, in light of his mandatory five-year prison term), his state term of post-release supervision

1

will be complete, and the detainer will be lifted.  In other words, the defendant will not be returned to state custody following his federal sentence.

Under these circumstances, the defendant's sentence has been discharged.  *See United States* v. *Hill*, 455 F. App'x 121, 123-24 (2d Cir. 2012) (rejecting argument that a New York State sentence was "undischarged" under Section 5G1.3(b) because the defendant remained on parole); *United States* v. *Rosado*, 254 F. Supp. 2d 316, 318-19 (S.D.N.Y. 2003 (Scheindlin, J.) (same).

## Dingle and Aviles Played Comparable Roles

Second, Dingle argues that he is similarly situated to his co-defendant, Jose Aviles, and therefore should receive the same 60-month sentence as Aviles.  The Government considers both Dingle and Aviles to have played comparable roles in the offense, with both having served as street sellers and managers (and Aviles also storing drugs).  Aviles had 7 criminal history points, resulting in a Criminal History Category of IV, while Dingle has 12 criminal history points, resulting in a Criminal History Category of V.

The Government exercised its discretion to accept a plea from Aviles to an offense without a mandatory minimum because of his status as a Career Offender, which resulted in a stipulated Guidelines range of 188 to 235 months' imprisonment.  At the time Dingle pled guilty, the parties did not believe him to be a Career Offender, and calculated his Guidelines range to be 51 to 63 months' imprisonment.  In light of that Guidelines range, and Dingle's role in the offense, the Government's plea offer included a mandatory-minimum sentence of 60 months.

For the reasons stated above, and in the Government's prior submission, the Government respectfully submits that a sentence of 60 to 63 months' imprisonment would be appropriate as to Haranakk Dingle.

           Respectfully submitted,

           PREET BHARARA
           United States Attorney

     By:  _____
           Jared Lenow
           Assistant United States Attorney
           (212) 637-1068

cc:  Winston Lee, Esq. (by email)