

**U.S. Department of Justice**

*United States Attorney*
*Southern District of New York*

---

*The Silvio J. Mollo Building*
*One Saint Andrew's Plaza*
*New York, New York  10007*

June 30, 2015

**BY ECF AND EMAIL**

Hon. Shira A. Scheindlin
United States District Judge
Southern District of New York
500 Pearl St.
New York, NY 10007-1312

      Re:    *United States v. Haranakk Dingle*, 13 Cr. 242 (SAS)

Dear Judge Scheindlin:

      The Government writes to provide the parties' agreed statement of facts relevant to the sentencing of the defendant, Haranakk Dingle.  Those agreed facts are as follows:

1. Dingle's two-year state prison sentence resulting from two June 17, 2013 convictions for relevant conduct that occurred in 2011 was completed on January 15, 2015 (the maximum expiration term for the state sentence) while Dingle was in federal custody on a *writ of habeas corpus ad prosequendum* from state custody.

2. Dingle's one-and-a-half year state term of post-release supervision began on January 15, 2015, and will expire on July 15, 2016.

3. Although Dingle's state term of incarceration is complete, he will be returned to state custody following his sentencing in this matter because (1) the federal *writ of habeas corpus ad prosequendum* on which he was brought into federal custody would be satisfied; and (2) he will need to be brought into state custody to go through the outtake process for release to supervision.

4. During the state outtake process (which could last up to several days), Dingle will be required to provide information such as his intended residence, and his conditions of release would be established.  There will also be a final review of Dingle's file by state authorities during the outtake process.

1

5. Dingle will not actually be released following the outtake process with the state; rather, he will be taken into federal custody to begin serving his federal sentence.

6. The parties anticipate that the Bureau of Prisons will give federal credit to Dingle for any time served in federal custody prior to the imposition of his federal sentence which was not credited against his state sentence, pursuant to 18 U.S.C. § 3585(b).

7. The defendant will not be returned to state custody following his federal sentence.

                Respectfully submitted,

                PREET BHARARA
                United States Attorney

By: _____
                Jared Lenow
                Assistant United States Attorney
                (212) 637-1068

cc:    Winston Lee, Esq. (by email)